**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**                **Case No. 23-cr-20058**

      Plaintiff**,**                                      **Hon. Linda V. Parker**

vs**.**                                                     Case: 2:23−mc−51361
                                                             Assigned To : Parker, Linda V.
**D-1 Alan Markovitz**                               Referral Judge: Altman, Kimberly G.
                                                             Assign. Date : 9/6/2023

      Defendant**,**

_____

### MOVANTS' MOTION TO UNSEAL SENTENCING MEMORANDUM'S

The Movant, Charles Blackwell **("Movant Blackwell"** or **"Movant"**),

hereby seeks to unseal judicial records pursuant to the First Amendment and

common law. Specifically, the Movant seeks to unseal the Government's and

Defendant's sentencing memorandum in this case. This motion is supported

by the accompanying Brief In Support.

Consistent with E.D Mich. L.R 7.1(a)(1), the Movant sought

concurrence in the relief requested herein from AUSA Craig Weier and Karen

Reynolds, but AUSA Reynolds declined to concurrence on September 5th.

**Defense attorney** Walter J. Piszczatowski denied concurrence as well today.

**WHEREFORE**, for the reasons specified in the attached Brief in Support, the Movant respectfully requests that this Court enter an order unsealing the sentencing memorandums in this case.

/s/CharlesBlackwell

Respectfully submitted,

Dated: September 5th, 2023

Charles Blackwell
22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
Cblack618@gmail.com
313-739-3597

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**                    **Case No. 23-cr-20058**

     Plaintiff**,**                                        **Hon. Linda V. Parker**

vs**.**

**D-1 Alan Markovitz**

     Defendant**,**

_____

**BRIEF IN SUPPORT OF MOVANTS' CHARLES BLACKWELL MOTION
TO UNSEAL SENTENCING MEMORANDUMS**

# TABLE OF CONTENT

TABLE OF AUTHORITIES ..........................................................................5

STATEMENT OF ISSUE PRESENTED.......................................................7

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ....................7

INTEREST OF THE MOVANT AND PUBLIC INTEREST OF THIS CASE..8

INTRODUCTION ....................................................................................10

BACKGROUND AND FACTS ..................................................................12

LAW AND LEGAL ANALYSIS .................................................................13

     I.    The Public Has A Common Law And First Amendment Right To Access Judicial Records. .........................................................................13

     II.    The Court Records In This Case Were Sealed Procedurally and Substantively In Violation Of Sixth Circuit Precedent. ............................13

     III.   The Public Has The Right To Access The Sentencing Memorandum In This Case...................................................................17

CONCLUSION........................................................................................19

CERTIFICATE OF SERVICE..................................................................20

## TABLE OF AUTHORITIES

**Cases**

Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165 (6th Cir. 1983)

........................................................................................... 13, 19

Detroit Free Press v. Ashcroft, 303 F.3d 681 (6th Cir. 2002)..................... 10

In re Hearst Newspapers, L.L.C., 641 F.3d 168 (5th Cir. 2011) ............... 17

In re Knoxville News-Sentinel Co., Inc., 723 F. 2d 470 (6th Cir. 1983) ....... 13

In re Morning Song Bird Food Litigation, 831 F.3d 765 (6th Cir. 2016) ...... 18

In re Search of Fair Finance, 692 F.3d 424 (6th Cir. 2012) ...................... 17

Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986) ...................... 17

Richmond Newspapers Inc., 448 U.S 555 (1980) .............................. 10, 12

Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th

Cir. 2016) ........................................................... 12, 15, 16, 19

United States v. Alcantara, 396 F.3d 189 (2nd Cir. 2005).......................... 17

United States v. Booker, 543 U.S 220 (2005) ........................................ 18

United States v. Doe, 962 F.3d 139 (4th Cir. 2020).................................. 17

United States v. Eppinger, 49 F.3d 1244 (7th Cir. 1995) .......................... 17

United States v. Kravetz, 706 F.3d 47 (1st Cir. 2013) .............................. 17

United States v. Santarelli, 729 F.2d 1388 (11th Cir. 1984) ...................... 17

United States v. Taffaro, 919 F.3d 947 (5th Cir. 2019) ............................. 11

**Scholarly Articles**

David S. Ardia, Privacy and Court Records: Online Access and the Loss of Practical Obscurity, 2017 U. Ill. L. Rev. 1385 (2017) ............................ 13

**Website News Articles**

Deborah Hastings, "Michigan man flips off ex-wife with bronze sculpture," NEW YORK DAILY NEWS, (November 16th, 2013) ............................... 10

Robert Snell, "Detroit's 'Topless Prophet' in FBI crosshairs after controversial career," DETROIT NEWS, (March 8th, 2023) ........................................... 9

Robert Snell, "Detroit's 'Topless Prophet' sentenced in federal case after colorful, sordid career," DETROIT NEWS, (August 31st, 2023) .............. 9

Violet Ikonomova, "Detroit strippers sue club boss for wage theft," METRO TIMES, (July 17th, 2017) ....................................................................... 10

**Local Court Rule**

E. D. Mich. L.R 5.3 .................................................................................. 14

## STATEMENT OF ISSUE PRESENTED

Whether the Court should unseal the sentencing memorandums in this case because they are sealed in violation of the First Amendment, common law, *Shane Group* and E. D. Mich. L.R 5.1.?

Movant says: "Yes"

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Eastern District Michigan Local Rule 5.1

Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016)

In Re Knoxville News-Sentinel Co., Inc., 723 F. 2d 470 (6th Cir. 1983)

### INTEREST OF THE MOVANT AND PUBLIC INTEREST OF THIS CASE

The Movant is a political activist who has previously sought and obtained orders in the Eastern District of Michigan unsealing sentencing memorandums in criminal cases that were improperly sealed. See *United States v. Gordon*, Case No. 20-MC-50789, (E.D. Mich. Hon. Judge Friedman), ECF No. 2. (order granting Movant's motion to unseal sentencing memorandum); See also *United States v. Lipkovitch*, Case No. 22-MC-51426, (E.D Mich. Hon. Judge Michelson) (order granting Movant's motion to unseal sentencing memorandum) (**Attached Exhibit A**: Order unsealing sentencing memorandum).

The Defendant, Alan Markovitz, who has coined himself as the "Topless Prophet," according to the cover of his autobiography currently selling on Amazon for $9.99 is "America's Most Successful Gentlemen Club Entrepreneur."[1]

---

[1] https://www.amazon.com/Topless-Prophet-Successful-Gentlemans-Entrepreneur-ebook/dp/B00GM67EE6



(Image: "Topless Prophet: The True Story of America's Most Successful Gentleman's Club Entrepreneur" Amazon autobiography book cover)

This criminal case has also garnered significant local media coverage.

See Robert Snell, *"Detroit's 'Topless Prophet' in FBI crosshairs after controversial career,"* DETROIT NEWS, (March 8th, 2023), [https://shorturl.at/fvENR]; See also Robert Snell, *"Detroit's 'Topless Prophet' sentenced in federal case after colorful, sordid career,"* DETROIT NEWS, (August 31st, 2023), [https://shorturl.at/BS247]. Defendant Markovitz has been embroiled in other controversies in recent years which has garnered significant media attention such as allegedly shortchanging the hard-earned wages of strippers that he employed at his strip clubs or trolling his ex-wife by moving next door and erecting a bronze middle finger statue. See Violet Ikonomova, *"Detroit strippers sue club boss for wage theft,"* METRO TIMES,

(July 17th, 2017), [https://shorturl.at/dtIK5]; See also Deborah Hastings, *"Michigan man flips off ex-wife with bronze sculpture,"* NEW YORK DAILY NEWS, (November 16th, 2013), [https://shorturl.at/pwABS].

## INTRODUCTION

Defendant, Alan Markovitz, is a prolific and well-known businessman who operates strip clubs in Metro Detroit and a large part of his wealth has stemmed from his dancers offering *private* lap dances away from the public's eye. While the Defendant has great latitude to offer assorted entertainment services away from the public's eye within his businesses, the First Amendment does not allow him (or the government) to file sentencing memorandums in a criminal case away from the public's watchful eyes.

As the late Judge Damon J. Keith famously wrote, "[d]emocracies die behind closed doors." *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002). Put another way, democracy dies behind (or underneath) improper sealing orders such as this case. As the Supreme Court has aptly pointed, "it is important that society's criminal process satisfy the appearance of justice." *Richmond Newspapers Inc.*,448 U.S 555, 571-572 (1980) quoting *Offutt v. United States*, 348 U. S. 11, 14 (1954).

However, this case does not satisfy the appearance of justice that confidence in the administration of justice and democracy requires. If the

average citizen in the Eastern District of Michigan intentionally lied to FBI and IRS agents regarding a fraudulent lucrative real estate transaction, such as the defendant is charged with and has pled guilty to, they would probably be heading on their way to a Federal Bureau of Prisons facility for a custodial sentence by now. Instead, in this case, the Defendant who is a well-known and wealthy business owner gets what amounts to a slap on the wrist with a year of supervised release, a nominal $9,500 fine in light of the defendant's substantial wealth, and community service. *United States v. Taffaro*, 919 F.3d 947, 949 (5th Cir. 2019) (Ho, J., concurring in the judgment) ("Nothing is more corrosive to public confidence in our criminal justice system than the perception that there are two different legal standards—one for the powerful, the popular, and the well-connected, and another for everyone else.").

First, this Court should unseal the sentencing memorandums in this case because they are sealed in violation of the First Amendment and common law jurisprudence. Secondly, the Defendant is a well-known businessman in Metro Detroit who is a public figure in which the public would have significant interest in a comprehensive review of the case. See, *supra*, Mov. Br. at 8-9 (noting media coverage of the Defendant). Perhaps, ultimately the sentence in this case is fair and just. But as the Sixth Circuit has stated, "the public is entitled to assess for itself the merits of judicial

decisions." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); See also *Richmond Newspapers*, 448 U.S at 572 ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing."). But the public cannot accept the decision in this case nor assess it's the merits without access to the sentencing memorandums, because sentencing memorandums contains each party's view of the 18 U.S.C section 3553(a) factors which helps the Court to fashion an appropriate sentence.

## BACKGROUND AND FACTS

Defendant Markovitz was charged via felony information on January 27th, 2023 with 18 U.S.C 1001, False Statements/Aiding and Abetting. *See* ECF No. 1, PageID.1-2. On April 28th, 2023, the Defendant entered into a Rule 11 plea agreement with the United States Government. *See Generally* ECF No. 12. The factual basis for the plea agreement is that the Defendant knowingly discussed with his former business associate, Ronald Szolack, false statements which were then ultimately provided to FBI and IRS agents who were investigating a fraudulent short sale real estate transaction between the two business associates. *Id.* at PageID.21-22.

On August 31st, 2023, this Honorable Court sentenced the Defendant to one year of supervised release, a $9,500 fine, and a 100 hours of community service. *See* ECF No. 21, Judgment

## LAW AND LEGAL ANALYSIS

### I. The Public Has A Common Law And First Amendment Right To Access Judicial Records.

It's well-established that the public has a right to access court records—a right protected by both the First Amendment and the common law. See, e.g., *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). "Public access to the courts has long been a fundamental tenant of American democracy, helping to ensure that our system of justice functions fairly and that citizens can observe the actions of their government." David S. Ardia, *Privacy and Court Records: Online Access and the Loss of Practical Obscurity*, 2017 U. Ill. L. Rev. 1385, 1391 (2017).

### II. The Court Records In This Case Were Sealed Procedurally and Substantively In Violation Of Sixth Circuit Precedent.

In *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 475 (6th Cir. 1983), the Court stated that "the public and press be given an opportunity to respond before being denied their presumptive right of access to judicial records." The Court laid out a recommended framework as to how to give the press and public an opportunity to respond:

Page **13** of **21**

"In order to protect this right to be heard, the most reasonable approach would be to require that motions to seal be docketed with the clerk of the district court. The records maintained by the clerk are public records. If a party moves to seal a document, or the entire court record, such a motion should be made sufficiently in advance of any hearing on or disposition of the motion to seal to afford interested members of the public an opportunity to intervene and present their views to the court. The district court should then allow interested members of the public a reasonable opportunity to present their claims, without causing unnecessary or material delay in the underlying proceeding."

*In re Knoxville News*, 723 F. 2d at 475-476 (cleaned up).

In this case, the party's motion to seal the sentencing memorandums were not docketed with the clerk sufficiently in advance of the sentencing hearing. In fact, the motions to seal are not on the public docket at all. Therefore, this did not allow "interested members of the public an opportunity to intervene and present their views to the court." *Id.*

E. D. Mich. L.R 5.3, which was revised in 2018 to comport with *Shane Grp.*, provides comprehensive substantive and procedural requirements for sealing court records. The Comments to the 2018 amendments to E.D. Mich. L.R 5.3 state:

Attorneys are cautioned that there is a strong presumption in favor of openness as to court records. The burden of overcoming this presumption is borne by the party that seeks to seal documents on the

court record. The burden is a heavy one and only the most compelling reasons can justify non-disclosure of judicial records.

In *Shane Grp.*, the Sixth Circuit provided the standard for the sealing of documents, noting that the party seeking to seal documents has a "heavy" burden; "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp*, 825 F.3d at 305. (citation and quotation marks omitted). The court further held that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06. And even when a party can show a compelling reason why certain documents should be sealed, the seal must be narrowly tailored to serve that reason. *Id.* at 305. Before a court grants a motion to seal, it must set forth specific findings and conclusions justifying the nondisclosure to the public. *Id.* at 306. This mandatory requirement "is true even if neither party objects to the motion to seal." *Id.*

The *Shane Grp* court determined when a District Court fails to set forth the required specific findings and conclusions justifying the nondisclosure to the public that is sufficient grounds to vacate the seal:

> "And a court's failure to set forth those reasons — as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary — is itself grounds to vacate an order to seal."

Page **15** of **21**

*Shane Grp.*, 825 F.3d at 306. In this case, there is no order on the public docket from the Court setting forth specific findings and conclusions justifying non-disclosure to the public.

The wholesale sealing of the sentencing memorandums in this case easily violates *Shane Group* and the First Amendment. First, there is no order on the public docket setting forth sufficient findings of facts and conclusions of law as to how the parties have met their burden of a compelling interest to warrant sealing. Secondly, even if there are some compelling interests for sealing, there are no justifications as to how the wholesale sealing of an entire sentencing memorandum in this case meets the requirements that such interest be achieved through narrowly tailoring and the least restrictive means. *Id.* at 306. Any compelling interest for sealing, if any are legally appropriate in this case, must be accomplished through careful and narrow redactions. Software such as Adobe PDF and Microsoft Word allows parties to carefully redact words with great specificity and precision even including down to single letters or words. But still, even for minimal redactions to be appropriate, the parties still bear the burden of putting forth a compelling overring interest. So far, such compelling reason is not on the public docket as required for the public to scrutinize and object to such specific reasoning as the Movant attempts to do so blindly here.

### III. The Public Has The Right To Access The Sentencing Memorandum In This Case.

A First Amendment right of access arises only where: (1) the proceeding or document to which access is sought has historically been open to the press and general public, and (2) public access plays a significant positive role in the functioning of the particular process in question. *In re Search of Fair Finance*, 692 F.3d 424, 429 (6th Cir. 2012) (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986) (Press-Enterprise II)). This is commonly known as the "experience and logic" test. The sentencing memorandum in this case satisfies both prongs of this test as it has been historically open to the public and plays a significant role in the Court fashioning a sentence for a defendant.

Sister Circuit's across the country has firmly held that sentencing memorandums are judicial records subject public inspection under the First Amendment. *United States v. Kravetz*, 706 F.3d 47, 57 (1st Cir. 2013); *United States v. Alcantara*, 396 F.3d 189, 196-99 (2nd Cir. 2005); *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020); *In re Hearst Newspapers*, L.L.C., 641 F.3d 168, 176 (5th Cir. 2011); *United States v. Eppinger*, 49 F.3d 1244, 1252-53 (7th Cir. 1995); *United States v. Santarelli*, 729 F.2d 1388, 1390 (11th Cir. 1984) ("[T]he public has a First Amendment right to see and hear that which is admitted in evidence in a public sentencing hearing.").

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." As this Court is well aware, the US Supreme Court made the Federal Sentencing Guidelines merely advisory. *United States v. Booker*, 543 U.S 220, 246 (2005) (making the Guidelines advisory). Post-*Booker*, the Court uses the factors set forth in 18 U.S.C Section 3553(a), in conjunction with the advisory sentencing guidelines to fashion a sufficient sentence. The parties (the government and defendant's) use a sentencing memorandum to articulate the relevant 3553(a) factors to help advocate their view as to what the appropriate sentencing should be in a particular case. See *In re Morning Song Bird Food Litigation*, 831 F.3d 765, 783 (6th. Cir. 2016) (Donald, J., dissenting) ("A quintessential function of a sentencing memorandum is to set forth a party's view of how much harm criminal conduct caused in hopes of convincing a court to impose a more or less lenient sentence.").

It is imperative that the public has access to both parties sentencing memorandums as it fosters public confidence in the judiciary, provides the public with the understanding of each party's position in a case, and enables the public to determine for itself if the Court's sentence was appropriate in

light of all the relevant factors and circumstances presented for consideration. The Sixth Circuit has elaborately stated:

> "Public access provides a check on courts. Judges know that they will continue to be held responsible by the public for their rulings. Without access to the proceedings, the public cannot analyze and critique the reasoning of the court. The remedies or penalties imposed by the court will be more readily accepted, or corrected if erroneous, if the public has an opportunity to review the facts presented to the court...... Although the federal judiciary is not a majoritarian institution, public access provides an element of accountability. One of the ways we minimize judicial error and misconduct is through public scrutiny and discussion."

*Brown & Williamson Tobacco*., 710 F.2d at 1178. (cleaned up); see also *Shane Grp.*, 825 F.3d at 305 ("The public is entitled to assess for itself the merits of judicial decisions.")

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests that this Honorable Court grant its Motion to unseal in this matter.

Respectfully submitted,

Dated: September 5th, 2023

/s/CharlesBlackwell
Charles Blackwell

22655 Fairmont Dr
Apt 102
Farmington Hills, MI, 48335
Cblack618@gmail.com
313-739-3597

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5th, 2023, this motion and brief in support was uploaded to the Eastern District of Michigan Pro Se portal to be filed with the Court and such filing should also serve counsel of record through the CM/ECF system. I served a copy of this motion electronically via email to counsel of record at their following email address:

AUSA Craig Weier: craig.weier@usdoj.gov
AUSA Karen Reynolds: karen.reynolds@usdoj.gov
Defense Attorney: wallyp@hertzschram.com

**EXHIBIT A:**

**Order On Motion To Unseal In United States v. Lipkovitch, Case No. 22-MC-51426**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TIFFANY LIPKOVITCH,

     Defendant.

Case No. 22-mc-51426
Honorable Laurie J. Michelson

---

**ORDER ON MOTION TO INTERVENE FOR LIMITED PURPOSE OF OBTAINING ACCESS TO COURT RECORDS AND UNSEAL SAME [1]**

---

Tiffany Lipkovitch, a former Highland Park police officer, pled guilty to conspiracy to possess with intent to distribute controlled substances. She was sentenced to 24-months' imprisonment and a three-year term of supervised release.

Following the sentencing, interested party Charles Blackwell filed a miscellaneous action seeking access to certain materials that had been sealed prior to the sentencing. (ECF No. 1.) Blackwell's request is fully briefed (ECF Nos. 3, 6, 7) and the Court heard argument on Monday, October 3, 2022.

For the reasons stated more fully on the record during the hearing, Blackwell's motion is GRANTED IN PART as follows: no later than Wednesday, October 12, 2022, the government is to docket and produce to

Blackwell a redacted version of the FBI report attached to its sentencing memo and Lipkovitch is to docket and produce to Blackwell a redacted copy of her sentencing memo.

**IT IS SO ORDERED.**

Dated: October 4, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE