UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 23-mc-51361
    Related Case: 23-cr-20058
    Honorable Linda V. Parker

ALAN MARKOVITZ,

    Defendant.
_____/

## OPINION AND ORDER

Charles Blackwell initiated this miscellaneous action to unseal the sentencing memoranda in the criminal proceedings against Defendant Alan Markovitz in Case No. 23-cr-20058.  In the criminal matter, Markovitz pled guilty pursuant to a Rule 11 plea agreement to one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2).  Prior to sentencing, only the United States filed a sentencing memorandum.  (ECF No. 19.)  The memorandum was sealed pursuant to an order granting the government's motion to seal—both of which were also sealed.  (*See* ECF No. 18.)  Markovitz delivered a letter to the Court prior to sentencing, which was never filed on the docket.  The Court sentenced Markovitz on August 30, 2023.

**Argument**

Blackwell seeks to unseal the sentencing "memoranda," arguing that the public has a common law and First Amendment right to access. (ECF No. 1.) Blackwell further argues that the sealing of the records was done procedurally and substantively in violation of Sixth Circuit case law, specifically *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983). (*Id.*) Blackwell points out that no motion to seal the records was ever filed on the public docket in the criminal matter, and he argues that the complete sealing of the documents suggests that efforts were not made to narrowly tailor the non-disclosure.

In response, the United States suggests that Blackwell has no right to "intervene" to seek the unsealing of the documents at issue. The United States then argues that its sentencing memorandum was properly sealed because it contained "sensitive information that could implicate the safety of an individual." (ECF No. 3 at PageID. 27.) The United States acknowledges that there is only one paragraph in its memorandum containing sensitive information; however, it maintains the entire memorandum was sealed "because it gave context to the sensitive information." (*Id.* at PageID. 28.) Nevertheless, the United States offers to file a redacted sentencing memorandum which balances the need to protect the sensitive information and the public's right to access.

Markovitz has not responded to Blackwell's request.

2

## Applicable Law

It is well established that the public and press have a right to access court proceedings and records, which is protected by the common law and the First Amendment. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d. 1165, 1177 (1983). This right of access applies to criminal trials, proceedings, and court records. *In re Search of Fair Finance*, 692 F.3d 424, 429 (6th Cir. 2012) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Press-Enter. Co. v. Superior Court*, 478 U.S. 1 (1986)). The right to access applies "if (1) th[e] proceeding has 'historically been open to the press and the general public' and (2) 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press-Enter.*, 478 U.S. at 8). "If a proceeding passes this 'experience and logic' test, a qualified right of access attaches to it." *Id.*

Courts have found a presumption of public access to sentencing memoranda.[1] *See, e.g., United States v. Kravetz*, 706 F.3d 47, 56-57 (1st Cir. 2013); *United States v. DiMasi*, 215 F. Supp. 3d 179, 183 n. 3 (D. Mass. 2016); *United States v. Harris*, 204 F. Supp. 3d 10, 14 (D.D.C. 2016); *United States v. Dare*, 568 F.Supp. 2d 242, 244 (N.D.N.Y. 2008); *United States v. Kilmartin*, No.

---

[1] In comparison, presentencing reports (PSRs) and objections to PSRs "occupy a unique position that falls outside the scope of both the First Amendment and the common law rights of access." *See In re Morning Song Bird Food Litig.*, 831 F.3d 765, 773-76 (6th Cir. 2016).

1:14-cr-00129, No. 2018 WL 1702403, at *2 (D. Me. 2018); *United States v. Cannon*, No. 3:14-cr-00087, 2015 WL 3751781, at *4 (W.D.N.C. Jun. 16, 2015); *United States v. Chanthaboury*, No. 2:12-cr–00188, 2013 WL 6404989, at *1 (E.D. Cal. Dec. 6, 2013). As the First Circuit reasoned in *Kravetz*, "sentencing memoranda, which bear directly on criminal sentencing in that they seek to influence the judge's determination of the appropriate sentence, fall squarely into the category of materials that a court relies on in determining central issues in criminal litigation." 706 F.3d 56. Further, "[s]entencing memoranda, which contain the substance of the parties' arguments for or against an outcome, are clearly relevant to a studied determination of what constitutes a reasonable punishment." *Id.* Thus, "[p]ublic access to sentencing memoranda is consonant with the values animating the common law right." *Id.* "Access . . . allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty[,] and respect for our legal system." *Id.* at 56-57 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).

The Sixth Circuit has held that the public must be given a reasonable opportunity to be heard before a court excludes access to proceedings or documents to which a right to access attaches. *Knoxville News-Sentinel*, 723 F.2d at 474-75. The court then indicated that "[i]n order to protect this right to be heard, the most reasonable approach would be to require that motions to seal be

4

docketed . . . 'sufficiently in advance of any hearing on or disposition of the motion to seal to afford interested members of the public an opportunity to intervene and present their views to the court.'"[2] *Id*. a 475-76 (quoting *United States v. Criden*, 675 F.2d 550, 558-59 (3d Cir. 1982)). The Sixth Circuit advised district courts to "allow interested members of the public a reasonable opportunity to present their claims, without causing unnecessary or material delay in the underlying proceeding." *Id*. at 476 (citing *United States v. Brooklier*, 685 F.2d 1162, 1168 (9th Cir. 1982)).

There is a "strong presumption in favor of openness" as to court proceedings and records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179). Public access is not unlimited, however. "[S]ealing is appropriate if it is 'essential to preserve higher values' and is 'narrowly tailored' to serve such ends." *In re Search of Fair Fin.*, 692 F.3d at 429 (quoting *Press-Enter.*, 478 U.S. at 9). A court may limit access to court proceedings and records to prevent them from "becom[ing] a vehicle for improper purposes[,]" such as "to gratify private spite or promote public scandal[.]" *Knoxville News-Sentinel*, 723 F.2d at 474 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Access may be limited to avoid the

---

[2] This language disposes of the government's assertion that a member of the public, like Blackwell, lacks standing to intervene to object to or seek the unsealing of court proceedings or records.

dissemination of "libelous statements . . . or business information that might harm a litigant's competitive standing." *Id.* (quoting *Nixon v. Warner Commc'ns*, 435 U.S. at 598). Courts are "afforded the power to seal their records when interests of privacy outweigh the public's right to know." *Id*. (citations omitted).

The party seeking to limit public access to court proceedings or records bears the burden of overcoming the presumption of openness. *Shane Grp.*, 825 F.3d at 305 (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id*. (quoting *Knoxville News-Sentinel*, 723 F.2d at 476). "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id*. (citing *Brown & Williamson*, 710 F.2d at 1179). And even where a compelling reason is shown to limit access to certain documents or portions of records, the restriction on access "must be narrowly tailored to serve that reason." *Id.* (citation omitted). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (6th Cir. 2002)).

## Analysis

The process followed when sealing the United States' sentencing memorandum and accepting Markovitz' pre-sentencing letter did not adhere to the

openness required under Sixth Circuit precedent. In light of the parties' agreement to seal the government's memorandum, the Court neglected to consider the public's interest in transparency and open access to court records. The United States was not held to its burden of showing a compelling reason to seal this filing. No explanation was provided for why restricted access was being requested and granted for the memorandum—particularly the entire document.

      The Court, therefore, believes these sentencing materials should be unsealed—and first filed, in the case of Markovitz' letter. Before doing so, however, the Court will provide the United States and Markovitz the opportunity to show that compelling reasons justify sealing materials in their respective submissions. To do so, they shall submit renewed motions to seal which comply with Sixth Circuit precedent and the Local Rules for the Eastern District of Michigan, *see* E.D. Mich. LR 5.3.[3] The failure to file such motions **within fourteen (14) days** of this Opinion and Order will result in the memorandum and

---

[3] Proposed redacted versions of the United States' sentencing memoranda and Markovitz's sentencing letter may be attached to the respective motions to identify where the parties believe compelling reasons warrant nondisclosure. Such redactions must be narrowly tailored to serve those compelling reasons.

letter being placed on the public docket.

**SO ORDERED**.

                                                s/ Linda V. Parker  
                                                LINDA V. PARKER  
                                                U.S. DISTRICT JUDGE

Dated: April 18, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 18, 2024, by electronic and/or U.S. First Class mail.

                                                s/Aaron Flanigan  
                                                Case Manager