UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**United States of America**

    **Plaintiff,**

Case No: 23-mc-51361

Related Case: 23-cr-20058

Honorable Linda v. Parker

V.

**Alan Markovitz**

    **Defendant,**

_____

**RENEWED EXPEDITED MOTION FOR THE UNSEALING OF ALAN MARKOVITZ'S SENTENCING MEMORANDUM**

**COMES NOW** Movant, Charles Blackwell, submits this renewed motion [ECF No. 5] for the expedited unsealing of Alan Markovitz's sentencing memorandum.

1. On September 11th, 2023, Movant Blackwell initiated this miscellaneous action for the purposes of unsealing defendant Alan Markovitz's sentencing memorandum. *See* ECF No. 1

2. On February 6th, 2024, Movant Blackwell filed an expedited motion for this Court to adjudicate the motion to unseal. *See* ECF No. 5

1

3. On April 18th, 2024, this Court entered an opinion and order stating that the sentencing memorandum should be unsealed but the Court would give the parties 14 days to present their views as to why it should not be unsealed. *See* ECF No. 6, PageID. 53.

4. This Court warned the United States Government and Defendant Markovitz's that "the failure to file such motions within fourteen (14) days of this opinion and order will result in the memorandum" being placed on the public docket. *See* ECF No. 6, PageID.53-54

5. No parties filed a response within 14 days of the April 18th opinion and order indicating as to why the sentencing memorandum should stay sealed. *Id*.

6. The First Amendment requires that a district court judge give the public and press <u>immediate access</u> to judicial records. (emphasis added). The Second Circuit has stated in *Lugosch*:

> <u>Here, the Newspapers had to wait for months during which the district court and magistrate judge seemingly took no action on their motion to intervene, and the underlying motion</u> on whose indeterminate resolution the district court and magistrate judge relied has been pending for a year and a half. <u>The public cannot properly monitor the work of the courts with long delays in adjudication based on secret documents</u>.

2

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 127 (2nd Cir. 2006) (collecting cases) (emphasis added); I*n re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) (same, requiring "immediate" access to judicial records under the First Amendment).

7. As referenced above in *Lugosch*, the public and press in the Eastern District of Michigan cannot properly monitor the work of the federal judiciary if there is a 9 month delay in the adjudication of a motion to unseal. *See* ECF No. 1. (action filed on September 11th, 2023); *Cf.* (today's date of June 17th, 2024).

## CONCLUSION

For the reasons set forth above, Movant Charles Blackwell respectfully requests that this Court enter an order for the immediate unsealing of Alan Markovitz's sentencing memorandum.

/s/CharlesBlackwell

    Respectfully submitted,

    By: /s/CharlesBlackwell

    Charles Blackwell

    22655 Fairmont Dr

    Apt 102

    Farmington Hills, MI, 48335

C: (313) 739-3597

Email: cblack618@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on June 17th, 2024, via:

| | |
|---|---|
| _____ U.S. Mail | _____ Facsimile |
| \_\_\_\_X\_\_\_\_ ECF/CM Filing | _____ Hand Delivery |
| _____ E-Mail | _____ Federal Express |

4